UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KEVIN HARDING, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Civil Action No. 24-cv-10938-LTS |
| U.S. SPACE FORCE, | ) ) ) | |
| Defendant. | ) ) ) | |

ORDER

May 24, 2024

SOROKIN, D.J.

Pro se litigant Kevin Harding brings this action in which he alleges that the United States Space Force "put a signal in [his] brain using synthetic telepathy to torture [him]." Compl. at 4. He has also filed a motion for leave to proceed in forma pauperis.

Upon review of Harding's filings, the Court hereby orders:

1. The motion for leave to proceed in forma pauperis is DENIED without prejudice. In every field of the form used for an in forma pauperis motion, Harding's response consists of a diagonal line rather than any information about his financial circumstances.

2. This action is DISMISSED for lack of jurisdiction. The United States (including its various branches, departments, and agencies) enjoys sovereign immunity from suit except in those instances in which it has expressly consented to be sued. See FDIC v. Meyer, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). A court cannot exercise jurisdiction over a claim against the United States

without its consent.  Id.  A waiver of this immunity must be expressly and unequivocally found in the statutory text and cannot be implied.  See Lane v. Pena, 518 U.S. 187, 192 (1996).

Here, Harding does not bring a claim for which the United States has waived its sovereign immunity.[1]  Accordingly, the Court must dismiss this case for lack of jurisdiction.

SO ORDERED.

       /s/ Leo T. Sorokin
UNITED STATES DISTRICT JUDGE

---

[1] The Federal Tort Claims Act ("FTCA") **Error! Main Document Only.**provides a right of action against the United States for certain injuries caused by the wrongful acts of government employees while acting within the scope of their employment.  See 28 U.S.C. § 1346(b)(1).  However, a plaintiff may not institute a claim under the FTCA in a federal district court until (1) the plaintiff has filed an administrative claim with the "appropriate Federal agency"; and (2) the agency finally denies the administrative claim or six months pass without a final denial of the administrative claim--whichever comes first.  28 U.S.C. § 2675(a).  This administrative remedy exhaustion requirement is jurisdictional, and it must be completed before a plaintiff files a claim under the FTCA in federal court.  See McNeil v. United States, 508 U.S. 106, 111-12 (1993); Barrett ex rel. Estate of Barrett v. United States, 462 F.3d 28, 36 (1st Cir. 2006).  Harding does not represent that he has filed an administrative claim or otherwise seeks relief under the FTCA, and the Court takes no position whether he should do so.